IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Barbara Porcella, | ) | C/A No. 4:18-cv-03115-SAL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| TJX Companies, Inc. d/b/a Marshalls; | ) | |
| Excel Building Services, LLC; and Two | ) | |
| Sons and a Mop Enterprises, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants TJX Companies, Inc. d/b/a Marshalls ("TJX") and Excel Building Services, LLC ("Excel")'s motion for summary judgment on their crossclaims against Defendant Two Sons and a Mop Enterprises, LLC ("Two Sons"), ECF No. 31, and Two Sons' cross-motion for summary judgment, ECF No. 51. Response and replies were filed, and these motions are now ripe for consideration.

**BACKGROUND**

This action arises out of a slip and fall in a Marshalls store in Myrtle Beach, South Carolina on October 26, 2016. Plaintiff Barbara Porcella ("Plaintiff"), claiming injuries as a result of her fall, filed the above-captioned action against TJX, Excel, and Two Sons, asserting a negligence claim. [ECF No. 1, Compl.] Plaintiff named TJX as the "owne[r] and/or operat[or] of the Marshalls store, Excel as the "operat[or] and manage[r]" of "janitorial services" at the store, and Two Sons as the "operat[or] and manage[r]" of "floor cleaning and maintenance services" as the store. *Id.* at ¶¶ 15–17. According to Plaintiff, "she noticed the floor was covered in a slick wax and that an employee of Two Sons . . . had waxed and/or over-waxed the floor, causing it to be dangerously

1

slippery." *Id.* at ¶ 9. Plaintiff slipped, fell, and sued "each and every Defendant" for negligence. *Id.* at ¶ 19.

At the time of the slip and fall, TJX claims it "contracted certain flooring work to Excel." [ECF No. 31 at p.2.][1] In turn, TJX and Excel contend that Excel subcontracted the flooring work to Two Sons. *Id.*[2] Christopher Monroe, owner of Two Sons, signed an Independent Contractor Agreement with Excel on September 21, 2015. [ECF No. 31-1; 31-2, Req. to Admit 1, 2.] Most relevant for purposes of the pending motions, the agreement included an indemnification clause. It states, in relevant part:

> CONTRACTOR[3] shall indemnify, save and hold harmless EXCEL, including its former and current officers, directors, members, and employees, from any and all liability, including all damages, taxes, penalties, losses, costs, expenses, and attorneys' fees, arising from: . . . iii) any negligent, reckless or intentionally wrongful act of CONTRACTOR's employees, servants, independent contractors, or agents[.]

[ECF No. 31-1 at p.5.] Based on the above clause, Excel sought indemnity from Two Sons, which Two Sons denied. [ECF No. 31-2, Req. to Admit 10.]

In this action, Excel asserts three crossclaims against Two Sons: (1) breach of contract; (2) contractual indemnity; and (3) equitable indemnity. [ECF No. 9.] TJX only asserts a claim for equitable indemnification. *Id.*

---

[1] A copy of the agreement between TJX and Excel is not included in the record before this court. TJX and Excel admit Plaintiff's allegations that TJX "owns and operates the Marshalls store" where the alleged injury occurred and Excel "was contracted to perform janitorial and/or maintenance at the Marshalls store." [ECF No. 9 at ¶ 2 (admitting paragraphs 2 and 3 of Complaint).] These allegations do not state whether those janitorial and/or maintenance services included "flooring work."

[2] A redacted copy of the Independent Contractor Agreement between Excel and Two Sons is attached to TJX and Excel's motion for summary judgment, but the unredacted portions do not indicated which services were subcontracted. [ECF No. 31-1.] In any event, the parties do not appear to dispute this point.

[3] "Contractor" is defined as Two Sons. *Id.* at p.1.

On March 29, 2019, TJX and Excel moved for summary judgment on all crossclaims.  [ECF No. 31.]  Attached to the motion were Two Sons's responses to requests for admission.  [ECF No. 31-2.]  Therein, Two Sons admits the following: (1) it entered into the Independent Contractor Agreement; (2) that Plaintiff alleges she suffered damages as a result of the negligence of Two Sons; and (3) that despite Excel's requests, Two Sons denied indemnification.  *Id.*  In response to the request regarding whether the denial is a breach of the Independent Contractor Agreement, Two Sons replies that it denied indemnity "because Defendant Excel could be liable for its independent negligence."  *Id.* at Req. to Admit 11.  Excel contends the admissions entitle it to summary judgment in its favor on all crossclaims.   As to TJX's claim for equitable indemnification, it contends that "[it] participated none in the wrongful act of Two Sons and is exposed to this liability merely due to the purported negligence of Two Sons."  [ECF No. 31 at p.5.]  In response, Two Sons contends the matter is not ripe because liability has not been established, TJX and Excel could be liable for their own independent negligence, and there is no privity of contract between Two Sons and TJX.  [ECF No. 32.]

After TJX and Excel filed the motion, the parties participated in mediation, resulting in a settlement of Plaintiff's claims against Excel and Two Sons.[4]  [ECF No. 46.]  Following mediation and partial settlement, Two Sons sought leave to file a dispositive motion out of time, which was granted.  [ECF Nos. 47, 50.]  On December 18, 2019, Two Sons filed a motion for partial summary judgment on the contractual crossclaims asserted by Excel.  [ECF No. 51.]  Two Sons contends that any indemnification obligation owed to Excel ended at mediation when it settled the claims

---

[4] As part of Two Sons settlement with Plaintiff, it included Excel as a released party.  While the court does not have any settlement agreements before it, it presumes that Excel did not pay any settlement amount to Plaintiff for its release.  [*See* ECF No. 47.]  Thus, it appears only two defendants issued settlement payments to Plaintiff, Two Sons and TJX.

asserted by Plaintiff against Excel; that Excel is obligated to return certain money unilaterally withheld; and Excel should be barred from asserting crossclaims against it. TJX and Excel opposed the cross-motion for partial summary judgment. [ECF No. 52.] Shortly thereafter, on January 8, 2020, TJX settled with Plaintiff.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this threshold demonstration, the non-moving party may not rest upon mere allegations or denials averred in the pleading, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp*., 477 U.S. at 323. On cross-motions for summary judgment, "each motion [is] considered individually, and the facts relevant to each [are] viewed in the light most favorable to the non-movant." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003).

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Under this standard, the existence of a mere scintilla of evidence in support of non-moving party's position is insufficient to withstand summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). Further, a litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc*., 947 F.2d 115, 119 (4th Cir. 1996).

## DISCUSSION

The main issue before this court is whether Two Sons is either contractually or equitably required to indemnify TJX and/or Excel for any damages suffered as a result of Plaintiff's claims. Indemnity is a "form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party." *Rock Hill Telephone Co., Inc. v. Global Communications, Inc*., 611 S.E.2d 235, 237 (S.C. 2005). A right to indemnity may arise by contract or may be implied by law. *Id.* The latter is a claim for equitable indemnity. The court will first address TJX and Excel's motion for summary judgment on the equitable indemnification claims, followed by an analysis of the cross-motions for summary judgment on the contractual indemnification claim.

### A. TJX and Excel's claims for equitable indemnification.[5]

Both TJX and Excel assert crossclaims against Two Sons for equitable indemnification. [ECF No. 9 at ¶¶ 19–24; 44–49.] Equitable indemnity cases involve a fact pattern in which the first party is at fault, but the second party is not. *Town of Winnsboro v. Wiedeman-Singleton, Inc. (Winnsboro*

---

[5] Two Sons is not seeking summary judgment on the equitable indemnification claims in its motion for partial summary judgment. [ECF No. 51.]

*I)*, 398 S.E.2d 500 (S.C. Ct. App. 1990), *aff'd*, 144 S.E.2d 118 (S.C. 1992) (*Winnsboro II*).  The right to equitable indemnity arises, by operation of law, "in cases of imputed fault or where some special relationship exists between the first and second parties." *Rock Hill*, 611 S.E.2d at 237. While there can be no indemnity among joint tortfeasors, "the relationship between a contractor and a subcontractor supports a claim for equitable indemnification" under South Carolina law. *Id.*

The party seeking recovery for equitable indemnification bears the burden of establishing: "(1) the indemnitor is liable for causing plaintiff's damages; (2) the indemnitee was exonerated from any liability for those damages; and (3) the indemnitee suffered damages as a result of plaintiff's claims against it which were eventually proven to be the fault of the indemnitor." *Vermeer Carolina's Inc. v. Wood/Chuck Chipper Corp.*, 518 S.E.2d 301, 307 (S.C. Ct. App. 1999).  "The most important requirement of equitable indemnity is that the party seeking to be indemnified must be *adjudged without fault* and the indemnifying party must be the one at fault." *Id.* (emphasis added).

In their motion for summary judgment, TJX and Excel rely on Plaintiff's allegations in the Complaint, arguing Plaintiff seeks damages based solely on Two Sons's negligence. [ECF No. 31 at p.5.]  The "allegations of the complaint," however, "are not determinative of whether a party has the right to indemnity." *Id.*  "Allegations in a Complaint denied in answer are evidence of nothing." *Griffin v. Van Norman*, 397 S.E.2d 378, 379 (S.C. Ct. App. 1990).  Instead, TJX and Excel must come forward with some evidence showing that Two Sons is alone responsible for Plaintiff's damages, that they were exonerated from all liability, and that all of Plaintiff's damages were proven to be the fault of Two Sons.  The evidence before the court fails to establish any of the three necessary elements. *See Walterboro Community Hosp., Inc. v. Meacher*, 709 S.E.2d 71, 74–75 (S.C. Ct. App. 2010) (noting burden is on party seeking indemnification to present evidence

6

of all *Vermeer* elements, and finding party "failed to present any evidence that it was without fault"). For these reasons, the court finds TJX and Excel have failed to meet their burden of showing that there is "no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law" on their claims for equitable indemnification. Fed. R. Civ. P. 56(a); *see also Holland v. Hucks Pool Co., Inc.*, No. 4:15-cv-00141, 2016 WL 6157491, at *5 (D.S.C. Oct. 24, 2016) (finding genuine issues of material fact exists as to the first two elements of the equitable indemnity crossclaim). TJX and Excel's motion for summary judgment on the equitable indemnification claims is denied.

Additionally, as outlined in additional detail in the contractual indemnification analysis below, the parties fail to address who, as a matter of law, owes the duties identified by Plaintiff in her pleading. *See* Compl. at ¶ 19(a)–(i). Does TJX, as the owner of the Marshalls store, owe a duty to warn the public of dangerous and unsafe conditions created by contractors or subcontractors on the premises? Is that duty delegable? Was the duty delegated? Does TJX owe a duty to provide a safe passage for customers? Is that duty delegable? Was the duty delegated? And, does anyone other than TJX owe a duty "to maintain the store so as to provide adequate safety" to customers? *Id.* at 19(h). Again, while the parties do not address this particular point, it could very well resolve the issue. If TJX, Excel, and Two sons "each owed a duty of reasonable care to warn of a dangerous condition or potentially dangerous condition," they "share a common liability and as such are joint tortfeasors." *Owens v. Hertz Equip. Rental Corp.*, No. 6:09-cv-01534, 2010 WL 11534155, at *2 (D.S.C. Oct. 27, 2010). And, in South Carolina, "there can be no indemnity among mere joint tortfeasors." *Id.* In sum, without any evidence of adjudication of fault or legal analysis regarding cognizable duties of all parties, this court is unable to grant judgment as a matter of law in favor of TJX and Excel.

7

**B. Excel's claim for contractual indemnification.**

Excel's claim for contractual indemnification is the subject of cross-motions for summary judgment. Both sides' positions are easily summarized. Excel argues:

> The Agreement further provides that Two Sons shall indemnify, save and hold harmless Excel for Two Sons' negligence. *See* Agreement Pages 4-5, Section 2(h). Inextricably, Two Sons refuses, all the while the basis for Plaintiff's Complaint is that, "After Ms. Porcella fell, she noticed the floor was covered in slick wax and that an employee of Two Sons and a Mop had waxed and/or over-waxed the floor, causing it to be dangerously slipper." Complaint ¶ 9. There is no genuine issue of material fact that Excel is being forced to answer and defend this lawsuit due to the actions of Two Sons, for which it has admitted it has an indemnity obligation.

[ECF No. 31 at p.4.] Thus, Excel contends that Two Sons's admissions related to the agreement, combined with the Complaint's allegations of negligence by Two Sons, entitle it to judgment as a matter of law. Two Sons argues, in contrast, that it is entitled to judgment as a matter of law because it included Excel in the release it negotiated with Plaintiff as part of its settlement and, therefore, Excel's request for indemnification is moot.[6] The court finds, however, that both positions miss the mark (though Excel's only narrowly).

Under South Carolina law, a duty to indemnify is determined by the findings of the fact finder as to the underlying claim. *See, e.g., Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) ( "[U]nder South Carolina law . . . the duty to indemnify is based on evidence found by the factfinder."); *Jourdan v. Boggs/Vaughn Contracting, Inc.*, 476 S.E.2d 708, 711 (S.C. 1996) (finding the right of indemnity "does not ripen until decided by the finder of fact"); *Griffin*, 397 S.E.2d at 524 ("Where, as here, the person seeking indemnity was exonerated at trial from

---

[6] The court will not consider the defense of unclean hands at this juncture, as it is not properly before the court. The amount of indemnification, if any, including any offset, will be resolved at a later time.

liability, indemnity is allowed."). While settlement does "not preclude indemnification," there must be "sufficient evidence to support a finding of fault on the part of the indemnitor and lack of fault by the indemnitee." *Meacher*, 709 S.E.2d at 75; *see also Otis Elevator v. Hardin Constr. Co. Group*, 450 S.E.2d 41, 43 (S.C. 1994) (allowing indemnity and considering reasonableness of settlement where, "[i]n response to a special interrogatory, the jury found no act or omission of Otis Elevator caused Smith's injuries."); *Stevens Aviation, Inc. v. Blackhawk Modifications, Inc.*, No. 6:12-cv-3390, 2015 WL 1486908, at *8 (D.S.C. Mar. 31, 2015). Such evidence does not exist in the record before this court.

This case surrounds a claim for negligence. It appears that both parties agree that pursuant to the contractual provision Two Sons must indemnify Excel when Excel suffers damages as a result of Two Sons's negligence. The disagreement seems to stem from whether the allegations in Plaintiff's Complaint relate solely to negligence of Two Sons or whether it implicates some independent or intervening negligence of Excel (for which Excel would not be entitled to indemnification).[7]

As noted by Excel, Plaintiff alleges that after her fall, "she noticed the floor was covered in slick wax and that an employee of Two Sons . . . had waxed and/or over-waxed the floor, causing it to be dangerously slippery." Compl. at ¶ 9. What's missing from Excel's argument, however, is any discussion regarding whether or not it, independent of Two Sons, owed any legal duties to the Plaintiff, such that it could also be found negligent. *See South Carolina Elec. & Gas Co. v. Utilities Const. Co.*, 135 S.E.2d 613, 617 (S.C. 1964) ("The breach of a legal duty is essential to

---

[7] South Carolina follows the "basic rule that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from its own negligent acts unless such intention is expressed in clear and unequivocal terms." *Federal Pacific Elec. v. Carolina Prod. Enterprises*, 378 S.E.2d 56, (S.C. Ct. App. 1989).

negligence and such legal duty is that which the law requires to be done or forborne with respect
to a particular individual or the public at large.").

In South Carolina, if the "only negligence chargeable to the [indemnitee] under the facts" of
the case is the "negligence of the [indemnitor] itself," there is a right to indemnification. *Id.* at
617–18 (finding the only negligence in that was "constructive negligence or negligence imputed
by operation of law"). In contrast, where the indemnitor and indemnitee owe independent legal
duties, both may be chargeable with negligence. *See Stevens Aviation*, 2015 WL 1486908, at *8
(analyzing apportionment issue where settlement was reached in advance of fact finding by jury).
The latter is a potential issue here.

More specifically, Excel is quick to identify the purported negligent act of Two Sons but then
fails to address the additional legal duties and breaches thereof identified by Plaintiff in her
Complaint. Specifically, Plaintiff seeks to recover against "each and every Defendant" for:

(1) creating dangerous conditions;

(2) removing appropriate traction from the flooring;

(3) permitting and acquiescing in the creation of such dangerous conditions;

(4) failing to warn members of the public of the dangerous and unsafe conditions;

(5) failing to take adequate safety measures to allow customers to avoid the dangerous
    conditions;

(6) Failing to have and provide a safe passage for customers on the premises;

(7) failing to warn of the dangerous conditions created by waxing the floor; and

(8) failing to maintain the store so as to provide adequate safety.

*See* Compl. at ¶ 19(a)–(i). While many of these purported acts of negligence relate specifically to
the waxing of the floors, others relate to duties to maintain, warn, and take additional measures to

ensure safety.  At this time, Excel has not demonstrated or identified any case law to support a finding that they do not independently owe these duties to Plaintiff as a matter of law.

Moreover, it seems a factfinder could find Excel negligent for failing to warn or maintain adequate safety measures and find Two Sons negligent for over waxing the floors. Both acts of negligence, in that hypothetical outcome, combined to cause damage to Plaintiff.  The factfinder, accordingly, would apportion fault.  And, without an argument that Excel is not liable to Plaintiff as a matter of law, this court cannot conclusively say that a factfinder would not find Excel 100% negligent and Two Sons 0% negligent.  In sum, this court agrees that Excel is entitled to indemnification for any damage it suffered as a result of Two Sons's negligence.  But it cannot find that Excel is entitled to summary judgment on the indemnification claim when there is no case law providing that Excel owes no duties to the Plaintiff as a matter of law and no evidence of apportionment of fault.  *See Stevens Aviation*, 2015 WL 1486908, at *9 (denying summary judgment and finding an "indemnity hearing is likely required . . . and maybe the indemnity issue must be tried to the jury").

Finally, the court will touch on Two Sons's argument in support of summary judgment in its favor that the release of Excel as part of its settlement moots Excel's claim.  The court disagrees with this contention.  As noted above, the mere settlement of the underlying claim does not bar indemnification.  And, in this case, the indemnification provision at issue allows recovery of "all damages" including "costs, expenses, and attorneys' fees." [ECF No. 31-1.]  Accordingly, while Excel did not have to pay a settlement payment to Plaintiff to resolve the underlying claims, it may have incurred "costs, expenses, and attorneys' fees" as a result of the to-be-determined, if any, negligence of Two Sons.  *See Sherlock Holmes Pub, Inc. v. City of Columbia*, 697 S.E.2d 619

(S.C. Ct. App. 2010) (allowing recovery of attorneys' fees as indemnification).  Two Sons's

motion for partial summary judgment on the contractual indemnification claim is denied.

### C.  Excel's claim for breach of contract.

Somewhat lost in the parties' disagreement over the indemnification question is Excel's claim

for breach of contract.   The breach of contract claim relates to a separate provision in the

Independent Contractor Agreement governing insurance.   The relevant portions of the provision

provides:

> Public liability, bodily insurance, and property damage insurance
> shall be placed and maintained in effect at all times on equipment,
> including all vehicles provided or used by CONTRACTOR in the
> performance of this Agreement, as provided by all applicable laws.
> Such public liability, bodily injury and property damage insurance
> coverage shall name EXCEL and CONTRACTOR as insured
> parties.

[ECF No. 31-1 at p.8.]  Excel argues:  "Two Sons admits the Agreement required it to name Excel

as an additional insured under a liability policy. *See* Requests for Admission No. 3. Two Sons

further admits that it failed to do so. *See* Requests for Admission No. 5. This is a clear breach of

the Agreement and has resulted in Excel not being extended the contracted for coverage."  [ECF

No. 31 at p.4.]   In response, Two Sons argues that summary judgment is inappropriate on the

contract claim because "Excel has failed to demonstrate that it has incurred damages because of

any breach."  [ECF No. 32 at p.6.]  And in its own motion for partial summary judgment, Two

Sons maintains that Excel has not suffered damages because Two Sons included Excel in the

release when it settled with Plaintiff.  [ECF No. 51.]

The court agrees with Two Sons that summary judgment in its favor is proper on the breach of

contract claim.  It is clear from the argument of both parties that all purported damages stem from

Excel's claim for indemnification, not the failure to procure insurance coverage.  Importantly,

Excel claims it was forced to appear and defend the action because of the failure of Two Sons to procure the insurance coverage. In such instances, South Carolina courts have found breach of contract claims "merely disguised claims for equitable indemnity," not independent causes of action. *See, e.g., Holland*, 2016 WL 6157491, at \*3–\*4 (outlining South Carolina law and finding "alleged injuries are simply the result of having to defend itself in the instant action" and, therefore, do not support an independent claim for breach of contract). As a result, this court denies Excel's motion for summary judgment on the breach of contract claim and grants Two Sons's motion for partial summary judgment on the same claim.

### D. Next Steps on Indemnification Claims.

As the Honorable Bruce Howe Hendricks noted in the *Stevens Aviation* opinion, when the underlying claim is settled, leaving only the indemnification claims, it places this court in an odd position to have to "essentially . . . consider the merits of the settled case, in some form or another." 2015 WL 1486908, at \*9. Here, there remains a legal question of what duties are owed by each of the remaining parties as a matter of law which, if resolved, may result in the ultimate resolution of both indemnification question. But, if not, genuine disputes of material fact remain regarding the allocation of fault, assuming all remaining parties owed some duties to the Plaintiff.

Given the history of this case and the amount of time it has been pending, this court is inclined to try the indemnity issue to the jury—allowing the jury to determine which parties were at fault for the Plaintiff's damages. *See Duke v. Uniroyal Inc*., 928 F.2d 1413, 1422 (4th Cir. 1991) ("When both legal and equitable remedies are demanded, the appropriate method of proceeding requires submission of the case first to the jury to resolve liability. . . . Thereafter, the court conducts a trial in equity to resolve all issues of equitable relief."); *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974) ("If a legal claim is joined with an equitable claim, the right to a jury trial on the

13

legal claim, including all issues common to both claims, remains intact."). This appears to be the common course of action. *See Griffin*, 397 S.E.2d at 379 (after settlement of underlying claim, equitable indemnification claim proceeded to bench trial); *Otis Elevator*, 450 S.E.2d at 43 (following settlement party pursued contractual indemnification claim that was tried to a jury); *Meacher*, 709 S.E.2d at 488–89 (noting trial court held indemnification hearing on equitable claim for indemnification). The court would, accordingly, reserve for itself the determination of the reasonableness of any settlement, if disputed, as well as the recovery of attorneys' fees, if any. *See Otis Elevator*, 450 S.E.2d at 297 (outlining the elements of when an innocent indemnitee may recover the costs of settling the underlying case).

The court will map out a determined course of action for this matter by way of separate order. In the meantime, counsel for the parties are **DIRECTED** to jointly email chambers within five (5) days of the date of entry of this Order to inform the court of their clients' positions on whether additional mediation would be beneficial to the parties.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants TJX Companies, Inc. d/b/a Marshalls and Excel Building Services, LLC's motion for summary judgment [ECF No. 31] and **GRANTS IN PART AND DENIES IN PART** Defendant Two Sons and a Mop Enterprises, LLC's motion for partial summary judgment [ECF No. 51]. Accordingly, this court grants summary judgment in favor of Two Sons on Excel's breach of contract cause of action. Summary judgment is denied to both parties on the equitable indemnification and contractual indemnification claims.

Counsel for the parties are **ORDERED** to submit a joint statement to chambers regarding their positions on whether an additional mediation would be beneficial within five (5) days.

15

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

April 16, 2020
Florence, South Carolina